**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 10-4233

———————

UNITED STATES OF AMERICA,

v.

ANTONIO FLETCHER,
a/k/a Tone

ANTONIO FLETCHER,
                              Appellant.

———————

Appeal from Order the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 09-cr-00348-1))
District Judge:  Honorable Lawrence F. Stengel

———————

Submitted under Third Circuit LAR 34.1(a)
on April 29, 2011

Before:  SLOVITER, GREENAWAY, JR and ROTH, <u>Circuit Judges</u>

(Opinion filed: September 29, 2011)

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judge</u>:

        Antonio Fletcher appeals the District Court's revocation of his supervised release

and his sentence of nine months' incarceration, contending that his sentence was

1

procedurally unreasonable because the District Court erred in finding that the Bureau of Prisons (BOP) would provide Mr. Fletcher with adequate evaluation and treatment of his post-traumatic stress disorder. Fletcher requests that his sentence be vacated and that he be permitted to undergo non-prison inpatient treatment. We will affirm the District Court's revocation of supervised release and sentence.

I.      **Factual Background**

Fletcher pleaded guilty to armed bank robbery on November 9, 2000, and on June 7, 2002, was sentenced to 120 months' imprisonment and three years of supervised release. The presiding judge recommended that Fletcher be committed to an institution "where he can receive appropriate medical care and mental health treatment[,]" recommending "Devens," a Bureau of Prisons (BOP) facility in Massachusetts for offenders requiring specialized mental health treatment. Fletcher was released from prison in May 2009 under supervised release.

Fletcher did not comply with the terms of his supervised release and on October 26, 2010, at a violation of supervised release hearing, he stipulated to ten Grade C violations. Fletcher's violations included failures to report to the probation officer, failures to report for a urinalysis, failures to refrain from the use of controlled substances, and failures to attend mental health treatments. These violations, considered alongside Fletcher's original criminal history category of III, resulted in a sentence guideline recommendation of 5-11 months' imprisonment. Fletcher's counsel asserted that Fletcher had never been evaluated for "organic brain damage," a possible explanation for

2

his behavior, but did not present any medical evidence supporting this claim.[1] Fletcher's

counsel contended that BOP's facilities were not adequate to test for or treat this

condition.

According to the sentencing judge, Fletcher demonstrated (1) "a lengthy record of

failure to cooperate with legitimate authority and supervision of the probation office," (2)

a drug problem, (3) a failure to attend standing appointments with mental health

specialists, and (4) a propensity to violence. These determinations were informed by the

Probation Office's recommendation, a psychiatrist's report, the original presentence

report, and the arguments of counsel and Fletcher's statement. The District Court also

specifically rejected defense counsel's contention that Fletcher should be placed in a non-

prison inpatient treatment program, observing that "[t]here are programs within the

[BOP] that can help him and I have seen that happen with other defendants." The court

accordingly sentenced Fletcher to nine-months' imprisonment to be served "in a facility

within the Bureau of Prisons which is equipped to address his mental health issues[,]" to

be followed by 15 months of supervised release, the first six of which are to be served in

a residential re-entry center.

---

[1] Fletcher's counsel argued that "Part of the problem with this case, and we all have been discussing it, is that my client was shot in the face in 1998 in the chin area, and he never had any kind of organic brain evaluation after that." Moreover, "[I]t's very possible that a lot of the problems going on here could be organic. We don't know because he has never been evaluated. That absolutely will not happen while he's in custody. There's no question."

## II.    Discussion[2]

Fletcher asserts that his sentence must be vacated as procedurally unreasonable because the District Court's conclusion that Fletcher would receive adequate evaluation and treatment of any brain injuries or related disorders while in BOP's custody was clearly erroneous.[3] We review a claim of procedural error under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). When, as here, the "asserted procedural error is purely factual, our review is highly deferential and we will conclude there has been an abuse of discretion only if the district court's findings are clearly erroneous." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008) (citing *Gall*, 552 U.S. at 51).

At the violation of supervised release hearing, Fletcher's counsel did not present any medical testimony establishing the nature of Fletcher's mental problems or his specific treatment needs; rather, he relied solely on his "personal intuition" and two studies to establish that Fletcher should participate in a non-prison inpatient treatment program where he would undergo an examination for "organic brain damage." Neither of these studies demonstrate that Fletcher would not receive adequate medical treatment within the prison system; one study is cited for the proposition that there have been medical treatment failures at numerous BOP institutions, while the other study provides statistical data regarding symptoms of mental health problems among inmates.[4] The

---

[2] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[3] Fletcher does not challenge the substantive reasonableness of his sentence.

[4] *See* U. S. Department of Justice, Office of the Inspector General, The Federal

4

District Court's decision to rely on its experience rather than the intuitions of Fletcher's counsel was not clear error. *See Koon v. United States*, 518 U.S. 81, 98 (1996). The District Court carefully considered the 18 U.S.C. § 3553(a) factors, made proper findings based on the record before it, and adequately explained Fletcher's sentence. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

## III. Conclusion

For the reasons discussed above, we hold that the District Court did not abuse its discretion and therefore will affirm the revocation of Fletcher's supervised release and his sentence.

---

Bureau of Prisons' Efforts to Manage Inmate Health Care, Feb. 2008, *available at* http://www.justice.gov/oig/reports/BOP/a0808/final.pdf; *see also* Doris J. James & Lauren E. Glaze, *Bureau of Justice Statistics Special Report: Mental Health Problems of Prison and Jail Inmates*, rev. Dec. 14, 2006, *available at* http://bjs.ojp.usdoj.gov/content/pub/pdf/mhppji.pdf, at 3 tbl.1.